UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE

DALE NORMAN HARMS,

    Plaintiff.
_____/

No. C-12-80177 MISC EMC

**ORDER TO SHOW CAUSE**

        The Court is in receipt of Plaintiff Dale Norman Harms's filing of July 25, 2012.  Docket No. 1.  This matter appears to have been assigned as a "miscellaneous matter" to this Court as the General Duty Judge because Plaintiff does not appear to have filed a complaint to initiate litigation against any particular person, entity, or entities.  However, the Court cannot discern from Plaintiff's filing and accompanying documents what relief Plaintiff is seeking from the Court.  The Court therefore issues this Order to Show Cause why this matter should not be dismissed.

        First, to the extent Plaintiff seeks to domesticate a judgment from a foreign court or otherwise obtain relief based on a previous judgment – the caption to his filing states that he seeks to provide "commercial notice of the filing of foreign judgment by estoppel – Plaintiff has not provided a copy of any judgment by any court.  The majority of Plaintiff Harm's filed documents – which appear to relate to a loan or loans he purportedly obtained to purchase property, and a potential foreclosure process that is either ongoing or has been completed – do not contain the signatures of anyone but Plaintiff and/or his wife and a notary public.  They thus do not indicate the execution of any contract or entry of any judgment by any court, nor do they indicate any admission on the part of any other entity.  The only documents that appear facially valid are those relating to a Notice of

1  Default issued by Recontrust on February 10, 2011.  If a court has entered judgment in favor of
2  Plaintiff, Plaintiff is directed to file proof of said judgment.

3  Second, to the extent Plaintiff seeks to "enter" or obtain a default judgment – the caption to
4  his filing also states that he is completing an "entry of default judgment by sworn affidavit" –
5  Plaintiff provides no evidence that a default judgment has been entered, nor does he indicate that any
6  complaint has been filed with respect to which any defendants have defaulted and the Clerk has
7  entered default against them.  *See* Fed. R. Civ. P. 55 (explaining the standards for entry of default
8  and default judgment).  If there is another active case Plaintiff has already initiated against any
9  defendants related to the instant filing, with respect to whom he seeks default judgment, Plaintiff
10 must seek default judgment through that action. If a default judgment has been entered in favor of
11 Plaintiff in another action, Plaintiff is directed to file proof of said default judgment.

12 Finally, to the extent Plaintiff seeks to file a complaint against certain parties and assert any
13 claims for relief, Plaintiff's current filing does not do so as it provides no factual assertions or
14 explanations of the relief Plaintiff seeks, and from whom, on what basis.  If Plaintiff seeks to file a
15 complaint, Plaintiff is directed to do so in conformance with the requirements of Rule 8 of the
16 Federal Rules of Civil Procedure.

17 Plaintiff is directed to respond to the Court's order no later than **Friday, August 31, 2012**.
18 For Plaintiff's benefit, the Court directs his attention to the Handbook for Pro Se Litigants,
19 which is available along with further information for the parties on the Court's website located at
20 http://cand.uscourts.gov/proselitigants. Mr. Harms may also contact the Legal Help Center, 450
21 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782–9000 extension 8657, for
22 free legal advice regarding his claims.

23 IT IS SO ORDERED.

25 Dated: August 2, 2012

_____
EDWARD M. CHEN
United States District Judge